**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD MOORE, Jr., | No. 09-55540 |
| Petitioner-Appellant, | 06-cv-01782-JM-CAB |
| v. | |
| MATTHEW CATE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted February 15, 2012
Pasadena, California

Before:    FARRIS and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[**]

Leonard Moore, Jr., who was convicted in California of forcible rape and

related offenses, appeals from the denial of his petition for a writ of habeas corpus.

Moore argues that the trial judge erroneously excluded evidence of statements made

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

by Autumn Taylor, the victim, about sexual intercourse she had with Joel Holmes, a prosecution witness, two days prior to the rape. Specifically, Taylor said that she could not remember if she consented to sex with Holmes but would not have if she were sober and that she was mad at Holmes, did not want to talk with him or be alone with him, and felt that his actions were inappropriate but not criminal.

Moore argues that the trial court's error prevented the defense from effectively challenging Taylor's and Holmes's testimony in three discrete ways. Our de novo review of the record persuades us that the alleged error did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quotation omitted); *see also Merilillo v. Yates*, 663 F.3d 444, 454-55 (9th Cir. 2011).

First, Moore argues that the excluded evidence supports a finding that Taylor was upset with Holmes—who was with Taylor at the time that she was kidnapped—and would provide a reason why she voluntarily decided to leave with Moore. The excluded evidence shows only that Taylor was upset with Holmes on Friday, the day after her sexual intercourse with Holmes. The evidence presented at trial, however, shows that Taylor did not harbor ill will towards Holmes on Saturday night, when the kidnapping and rape occurred. Indeed, even Moore testified that Taylor was physically affectionate towards Holmes while in the back of Moore's car

2

before Holmes was forced out at gunpoint and Taylor was kidnapped. Taylor's behavior on Saturday night renders it exceedingly unlikely that the jury would have concluded from the excluded evidence that Taylor would have voluntarily left with Moore because she was upset with Holmes. Moreover, additional evidence which we discuss below in relation to Moore's other claims of prejudice significantly corroborates the testimony of both Holmes and Taylor.

Particularly significant is the evidence that undermines Moore's argument that the excluded evidence substantially affected the credibility of Holmes's testimony. The argument is based on the premise that the evidence showed that Holmes would lie to support Taylor's story out of fear that, if he did not, she could file rape charges against him. Holmes, however, told both the police and his friends immediately after the incident that Taylor was kidnapped at gunpoint. At the time he made these reports he had no opportunity to speak with Taylor. Taylor called 911 upon being dropped off at the trolley station immediately following the rape and said that she was kidnapped and raped at gunpoint. Taylor and Holmes had no way of communicating prior to either's report to the police; such strong corroboration undercuts the argument that Holmes was lying.

Nor does the excluded evidence cast doubt on Taylor's ability to accurately remember the events of Saturday night. There was ample evidence from which Moore

could argue that Taylor's drinking prevented her from accurately recalling the events of that night. More significantly, there was compelling evidence that her recollection of the events was remarkably accurate. Taylor's testimony was detailed and corroborated by Holmes's and by Moore's own testimony, which dovetailed with Taylor's narrative, except for the issue whether she was kidnapped and voluntarily consented to sexual intercourse. Indeed, Taylor was also able to lead police back to the motel at which she said she was raped. She identified the specific room that was later proven to be the crime scene by forensic evidence and motel records. Moreover, when he registered at the hotel, Moore gave a false address and license plate number. All of this evidence provides ample support for the conclusion that any error in excluding the evidence at issue was harmless.

AFFIRMED.